THE LISKEY LAW FIRM
ROBERT J. LISKEY, Bar No. 197287
Email: rjl@tyler-law.com
117 E. Colorado Blvd., Suite 600
Pasadena, CA 91105
Telephone:   (626) 319-5817

Attorneys for Plaintiff
Pargev Davtian, DDS

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: | CASE NO.  2:24-bk-20021-DS |
| OHANNES ANTABIAN, dba PARTY HOUSE LIQUOUR INC., dba GREEN PRICE CONSTRUCTION, INC. | CHAPTER 7 |
| Debtor. | ADVERSARY NO._____ |
| _____ | **COMPLAINT FOR DAMAGES AND OBJECTING TO DISCHARGEABILITY OF A DEBT PURSUANT TO 11 U.S.C. § 523(a)(2)** |
| PARGEV DAVITAN, DDS, | |
| Plaintiff, | |
| vs. | |
| OHANNES ANTABIAN; BEACH BUSINESS MANAGEMENT, INC., dba Party House Liquor; and DOES 1 to 100, Inclusive, | |
| Defendants. | |
| _____ | |

Pursuant to 11 U.S.C. § 523(a)(2) and the Federal Rules of Bankruptcy Procedures, Rule 7001, et. seq., Pargev Davtian, DDS (hereinafter referred to as "Plaintiff") files this Complaint for Damages and Objection to Dischargeability of a Debt against debtor Ohannes Antabian dba Party House Liquor Inc., dba Green Price Construction, Inc. (hereinafter "Debtor" or "Defendants") in the above-referenced Chapter 7 proceeding.  In support thereof, Plaintiff states the following:

## I. PARTIES

1.      Debtor filed for relief under Chapter 7 of the United States Bankruptcy Code on or about December 9, 2024.  On December 27, 2024, the bankruptcy was dismissed for failure to file schedules/statements, and then reinstated on January 10, 2025. The Debtor is a resident of Los Angeles County, California, who may be served with process pursuant to Federal Rules of Bankruptcy Procedure, Rule 7004 at his residence on 318 Avenue I, Unit 355, Redondo Beach, CA 90277.

2.      Plaintiff is a resident of Los Angeles County, California.

## II. JURISDICTION

3.      This action is a core proceeding over which this Court has jurisdiction pursuant to 28 U.S.C. §§ 157(b) and 1334, 11 U.S.C. § 523, Federal Rules of Bankruptcy Procedure 4007 and 7001, *et seq.*, and the order granting automatic reference to this Bankruptcy Court.

## III. FACTS

4.      The underlying action, which resulted in a judgment against Defendants, for, among other causes of action, intentional fraud, concerns a fraudulent scheme perpetrated by Defendants, who induced Plaintiff into investing $250,000.  In or around December of 2018, Defendant Antabian contacted Plaintiff and indicated that Defendants were searching for investors to fund the operation of a retail store of alcoholic beverages and grocery services in the City of Redondo Beach, California. At all times herein mentioned, Defendants, through Defendant Antabian orally and in writing represented to Plaintiff that they had years of experience in the operation, management and sale of rare alcoholic beverage products and retail stores.  Defendant Antabian further represented orally and in writing pursuant to the investment agreement, Exhibit "A" hereto that he was expert in the fields of administration, finance, sales and accounting.

5.      Based on the oral representations of Defendants, and each of them, through Defendant Antabian, on December 27, 2018 Plaintiff entered into an investment agreement with Defendants Antabian, Beach Business Management, Inc. ("BBM") and Does 1 through 10, inclusive.  Defendant Antabian prepared the investment agreement and titled it as "Limited Liability Agreement" ("LLA") lending it the air of the creation of a limited liability company in that it refers to BBM as the managing member, but in fact, as later discovered by Plaintiff, Defendants never

formed a limited liability company. A true and correct copy of the investment agreement is attached hereto as Exhibit "A" and is incorporated herein by this reference as though set forth in full.

6.      Plaintiff was induced by Defendants to invest $250,000, pursuant to the LLA in BBM and Antabian based on the oral and written representations made concerning the nature of Defendant Antabian's experience and expertise.

7.      Plaintiff is informed and believes and thereon alleges that at the time of the investment, the LLA is an unqualified security under Corporations Code §2500 et. seq.(California "Corporate Securities Act of 1968").  Plaintiff never signed any investor questionnaire or any agreement or document stating that he represented himself to be an accredited investor, had any pre-existing relationship with Defendants, or was otherwise sophisticated with respect to investments of this kind.

8.      Plaintiff has made and made repeated demands for the return of his investment. While Defendants, through Defendant Antabian promised to repay Plaintiff, they have failed to do so.

9.      Plaintiff is informed and believes that Defendant Antabian is now and, at all times herein mentioned, was the sole or principal owner of BBM. Plaintiff alleges that there exists, and at all times mentioned herein, there existed a unity of interest between BBM on the one hand, and Defendants Antabian and Does 1 through 10, inclusive on the other hand such that the individuality and separateness between BBM and its individual owners have ceased, and such that Antabian and Does 1 through 10, inclusive are the alter egos of BBM. In particular Plaintiff is informed and believes and thereon alleges that:

a. BBM is, and at all times herein mentioned was, a mere shell and sham without capital, assets, members, membership interests, stock or stockholders, that was conceived, intended, and used by Antabian and Does 1 through 10, inclusive as a device to avoid individual liability and for the purpose of substituting a financially insolvent entity in the place of  Antabian and Does 1 through 10, inclusive;

b. BBM was, at the time of its incorporation, so inadequately capitalized that., compared with the business to be done by BBM and the risks of loss attendant thereto, its capitalization was illusory or trifling;

c. BBM is, and at all times herein mentioned was, the alter ego of Defendants Antabian and Does 1 through 10, inclusive and there exists a unity of ownership between BBM and Defendants Antabian and Does 1 through 10, inclusive, such that any separateness has ceased to exist in that Antabian and Does 1 through 10, inclusive used assets of BBM for their own personal use, caused assets of BBM to be transferred to themselves without adequate consideration, and withdrew funds from BBM's bank accounts for personal use;

d. BBM is, and at all times herein mentioned was, a mere shell, instrumentality and conduit through which Antabian and Does 1 through 10, inclusive exercised complete control and dominance of BBM to such an extent that any individuality or separateness of BBM and Antabian and Does 1 through 10, inclusive does not now, and at any time mentioned herein did not exist.

10.     As a result of the acts and omissions alleged herein, Defendants Antabian, Does 1 through 10, Inclusive and BBM are jointly and severally liable for all relief sought herein.

11.     On February 21, 2024, a judgment was entered by the Honorable Stephanie Bowick in Department 19 of the Los Angeles Superior Court. After hearing the evidence, Judge Bowick found Defendants liable for the sum of $304,013.40. The judgment, supported by Judge Bowick's minute order, specifically found "fraud." (The judgment and supporting minute order is attached hereto as Exhibit B.)

12.     All conditions precedent to the filing of this Complaint have been performed or have occurred.

## FIRST CLAIM FOR RELIEF

**[For money and services obtained by false pretenses, false representations
or actual fraud - against all defendants - 11 U.S.C. § 523(a)(2)]**

13.     Plaintiff refers to and incorporate by reference paragraphs 1-12 herein.

14.     Debtor made numerous representations to Plaintiffs as set forth herein.

15.     At the time Debtor made these representations to Plaintiff, Debtor knew the representations were false.

16.     Debtor made these representations with the intention and purpose of deceiving Plaintiff.

17.    Plaintiffs are entitled to a judgment of non-dischargeability under 11 U.S.C.

§523(a)(2)(A) against Debtor in the principal amount of $304,013.40 together with post-judgment

interest at the legal rate, and post-judgment costs and attorneys' fees pursuant to contract.

## SECOND CLAIM FOR RELIEF

### [Attorneys' Fees and Costs - Against Defendant]

18.    Plaintiffs refer to and incorporate by reference paragraphs 1-17 herein.

19.    Plaintiffs are entitled to their attorneys' fees and costs pursuant to case law as laid out

in Robinson Helicopter Co., Inc. v. Dana Corp., 34 Cal.4th 979, 992 (2004), and Amber Hotel Co. v.

Chen, Case No. B200271 (2d Dist., Div. 7 Jan. 13, 2009) (unpublished) determined where fraud

damages are ordered in relation to contractual obligations, the fraud plaintiff may recover "out-of-

pocket" damages in addition to "benefit-of-the-bargain" damages. (Id. at p. 992.) Because  the

broker affirmed the fraudulently induced contract and sued for fraud damages, damages may include

both measures, with attorney's fees being "proper under either measure of fraud damages."

(Robinson Helicopter, supra, 34 Cal.4th at 992; Fragale v. Faulkner, 110 Cal.App.4th 229, 236

(2003).

## DEMAND FOR RELIEF

**WHEREFORE,** Plaintiff requests that this Court enter a judgment against the Debtor as

follows:

(a)    A judgment of non-dischargeability pursuant to 11 U.S.C. § 523(a)(2)(A) in favor of

Plaintiff and against Debtor in the principal amount of $304,013.40, together with post-judgment

interest at the legal rate, and post-judgment costs and attorneys' fees pursuant to contract;

(b)    for general, incidental and consequential damages according to proof at trial;

(c)    for punitive and exemplary damages according to proof;

(d) that the judgment attached hereto, including but not limited to punitive and

   exemplary damages awarded are non-dischargeable; and

(e) for such other and/or further relief as the Court deems just and proper.

DATED: March 6, 2025    Respectfully submitted,
            Plaintiff Pargev Davtian, DDS

            By their Attorneys,
            The Liskey Law Firm

            By:_____/s/_____
              Robert J. Liskey

# Exhibit A

# LIMITED LIABILITY AGREEMENT

THIS AGREEMENT is made as of December 17, 2018 by and between Dr Pargev Davtian, DDS [herein-after referred to as "Investor"] and Beach Business Management, Inc [herein-after referred to as "BBM"], for the DBA "Party House Liquor" retail store [herein-after referred to as "PHL"] of alcohol beverages and groceries services conducted at the property commonly known as 1817 S Catalina Ave, located in the city of Redondo Beach, California

1. **Primary Place of Business:** The BBM's primary place of business is located at PHL address: 1817 S Catalina Ave, Redondo Beach, California 90277.

2. **Business Description:** PHL primary business shall consist of selling alcohol spirit and convenient related product emphasizing a boutique store of selling specific and rare marketed beverage products.

3. **Management & Governing Law:** The BBM shall be the managing Member and shall be governed under the laws of the State of California and its Alcohol Beverage Control (ABC).

4. **Registered Agent:** The Registered Agent for Service of Process shall be BEACH BUSINIESS MANAGEMENT, INC, whose address is, 1817 S Catalina Ave, California 90277. The President of the BBM, Inc is Ohannes Antabian, who has been registered legally under BBM, Inc. with the ABC, DBA as PHL and City of Redondo Beach operating license.

5. **Members & Ownership:** The following list are the BBM's Members, their titles and percentage of ownership:

| | |
|---|---|
| Ohannes Antabian, President | 23.3% |
| Ohannes Antabian, Secretary | 23.3% |
| Ohannes Antabian, Financial Officer | 23.3% |
| Dr Pargev Davtian, Investor for PHL only | 30% |

   - President is the full acting managing partner
   - Investor is the silent partner.

6. **Member Contributions:** The following Member contributions is being made:

   - Dr Pargev Davtian: Investor contributor of a loan total of $250,000.00. The loan will be awarded as $45,000 without (0) zero interest charges. The loan period is 36 months. The monthly payment is $4,000 for the period of 36 months. If the loan amount to be paid in full as voluntary before its normal period of 36 months, there will be no balloon payments nor prepayment penalties.                                                        Initial_____
   - Beach Business Management, Inc.: The president Ohannes Antabian: Expert in the fields of Administration, Finance, Sales and Accounting.

7. **Payments & Reimbursements:** The BBM shall reimburse Ohannes Antabian (President of the BBM, INC) for all direct out-of-pocket expenses as the followings:
    1. Inventory purchases (Alcohol spirits, smoking and the products, groceries or convenient products, variety of refreshments and drinks and food.
    2. All types of insurances
    3. All required taxes, licenses and operation fees
    4. All utilities
    5. Employee payrolls
    6. Marketing
    7. All types of repairs or refurbishing
    8. Office products for operation necessities.
    9. Rental equipment
    10. Monthly payment of $4,000 to the Investor as portion of the loan. The duration of the loan is 36 months with (0) Zero interest or (0) % percentage of profit added. Once the loan and the interest are paid in full, this agreement will be null and void.

Any challenges incurred in the performance of their duties provided above that the Member will not act in violation of his/her fiduciary duties.

8. **Profits and Losses:** Members shall share in net profits and losses according to their percent ownership in the Company. The following rules shall govern distribution:

    a. The President shall determine Profit allocation in accordance with each Member's ownership percentage after costs have been calculated.
    b. Profits shall be distributed once a year unless, by majority vote, other timing for distribution is determined.
    c. Each Member must receive at least zero percent (0%) of the profits allocated per year, but percentages greater than zero may be distributed in accordance with a majority vote of the Membership.
    d. All Members will receive enough funds annually to cover income tax for total profit allocation by the Company.
    e. In case of the BBM, Inc as for the PHL sales to another entity, the Investor has the right to demand its invested amount of loan $250,000 in addition to the residual amount of the $45,000 Whichever agreed on the Member Contribution agreement #6.

9. **Exclusions:**
    a. The Investor is completely excluded from the profit and loss.
    b. The Investor has no involvement in the decision making of any future necessary investments or refinance of the BBM, Inc.

10. **Member's Liability:** A Member's liability shall be limited according to statute. No Member shall be deemed an agent of any other Member by reason of being a Member of the Beach Business Management, Inc.

11. **Management Meetings:** Member Management Meetings shall be held quarterly at a place and time agreed upon by all Members. The President shall provide written notice one week prior to a meeting.

12. **Voting:** A quorum (defined as 70 percent) is required whenever the PHL Members are voting on a matter before the membership. PHL Members' votes are weighted in proportion to their percentage interest in profits and the Investor's exclusion terms, which is equivalent to their percentage share of Ownership in the BBM. A PHL member may vote by proxy executed in writing and filed with the President before or at the time of the meeting. An affirmative vote of seventy percent (70%) of the ownership of the PHL shall be required for the following matters: The transfer (sale, lease or asset exchange) of PHL property valued at over two hundred fifty thousand dollars ($250,000); the release of a claim or debt over two hundred fifty thousand dollars ($250,000). The sale value may exceed the loan amount; therefore, the sale amount will be allocated to the President, and the full amount of ($250,000) and any balance of the ($45,000) fee should be paid in full to the Investor per mutual decision upon this agreement.

13. **Buyouts and Transfers of Ownership:** A PHL member must give thirty (30) days' notice to all other Members of his/her intention to sell or transfer his/her share of the BBM. Such a sale or transfer shall include the transfer of all membership rights to the new Member.

14. **Tag-Along Provision:** If a majority shareholder or shareholders intend to sell their share of the BBM, Inc for the DBA PHL, then the minority shareholder or shareholders have the right, but not the obligation, to join in the transaction according to their provided agreement by signing this agreement.

15. **Dissociation:** Dissociation occurs upon the departure of a Member of the BBM, Inc for the DBA PHL.

    **a. Voluntary Dissociation:** A BBM, Inc for the DBA PHL member who wishes to withdraw from the BBM, INC may do so by giving at least thirty (30) days written notice to all other Members. Such Member shall be entitled to a buyout as if he/she were selling his/her share of the BBM, Inc for the DBA PHL to a third party. The remaining Members shall have 30 days to execute the buyout by making payment in full or by executing a Promissory Note payable to the dissociating Member with said Member's consent. The remaining Members may purchase a share proportionate to their current percentage ownership or they may, with unanimous consent, split the share of the dissociating Member in a manner agreeable to them.

**b. Involuntary Dissociation:** An involuntary dissociation is triggered upon the occurrence of any of the following events: the death of a BBM, Inc for the DBA PHL member; the appointment of a guardian or conservator for a Member; the filing of bankruptcy by a Member or a judicial determination of the insolvency of a Member; a judicial order declaring the Member incapable of performing his/her duties. Upon the occurrence of an involuntary dissociation the remaining Members shall have the right, but not the obligation, to purchase the former Member's share in proportion to their current percentage of ownership or, with unanimous consent, split the share in a manner agreeable to them. Should a buyout not occur the former Member shall become a Transferee, defined in California's RULLCA as someone who retains his/her economic rights, but may not participate in company management. An heir of a deceased Member shall, if they desire, become a Member with the same rights as all other Members.

16. **Fiduciary Duties:** As required by statute, all Members have a duty of loyalty to the BBM, Inc but limited to the DBA PHL. It shall not be considered a violation of such a duty for a Member to participate in a business, which does or may compete with the BBM, Inc so long as the Member discloses his/her participation. It shall be considered a breach of the duty of loyalty to solicit or redirect customers to a competing business. It shall also be a breach of the duty of loyalty to disclose any BBM, Inc for the DBA PHL confidential information to a competing business or any other third party or entity without first receiving unanimous consent from the Members. The circumference of such similar space or location of business should exceed minimum of 10 miles radius.

17. **Indemnification:** The Beach Business Management, Inc shall indemnify its Members for actions taken on behalf of the BBM, Inc for the DBA PHL so long as the indemnified Member has not acted in violation of his/her fiduciary duties (duties of loyalty and care).

18. **Reports:** The President of the BBM, Inc for the DBA PHL shall prepare an Annual Report consisting of a Federal Income Tax Statement, a Profit/Loss Summary, a Balance Sheet, an Income Statement and a Projected Financial Statement. The President shall also prepare monthly statements consisting of a Balance Sheet, Income Statement and Projected Financial Statement.

19. **Duties of The Investor**

- The Investor has a limited liability to manage or pursue any involvement in the decision making of the operation of the PHL.

- Cannot be involved in the daily business activities of the PHL nor its decision making.

- Cannot act as owner/operator in negotiation with the supply companies.

- The employee's schedules, hiring or firing is not the responsibilities of the Investor.

- Any communication regarding PHL should be held through the President only.

Upon satisfactory payment being made for any portion of the loan, the President and the Investor shall furnish a full and unconditional release from any claim or responsibilities for any portion of the work for which payment has been made or the loan paid in full.

**20. Miscellaneous Provisions:**

a. **Construction & Severability:** In the event any of the provisions of this Limited Liability Agreement are held to be invalid or unenforceable under any applicable statute, rule of law or judicial determination, the Members agree that such provision(s) shall be rewritten so as to be in enforceable and remain in compliance with the intentions of the Members. If such agreement is impossible, the invalid or unenforceable provision(s) shall be eliminated and the remaining provision(s) shall remain in full force and effect.

b. **Entire Agreement:** This Limited Liability Agreement constitutes the entire understanding among the Members and supersedes all other written or oral agreements, which may have existed prior to execution of this agreement. Any modifications to this agreement must be memorialized in writing and adopted by an affirmative vote of seventy percent (70%) of the ownership of the BBM, Inc for the DBA PHL.

c. **Notices:** Written notification to Members may be delivered in person, via email or facsimile or through the United States Postal Service at the following addresses:

> Beach Business Management, Inc.
> C/O Ohannes Antabian
> 2226 ½ Bataan Road
> Redondo Beach, CA 90278
>
> Lighthouse Dental Office
> C/O Dr Pargev Davtian, DDS
> 1306 Sepulveda Blvd.
> Harbor City, CA 90710

d. **Agreement Review:** Each Member is entitled to seek outside legal counsel and advise from a financial or other professional before final execution of this

Limited Liability Agreement.  Each Member shall be responsible for all costs, charges and expenses associated with his/her review.

**Agreed and Witnessed:**

_Dr. Pargev Davtian_
Dr. Pargev Davtian
Investor

12-27-18
Date

Beach Business Management, Inc.
Ohannes Antabian
President

12-27-18
Date

Rev:12/27/2018

# Exhibit B

JUD-100

**ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, state bar number, and address):*
Robert J. Liskey, Bar Number 197287
The Liskey Law Firm
117 E. Colorado Blvd., Suite 600
Pasadena, CA 91105
TELEPHONE NO.: 626-319-5817      FAX NO. *(Optional):* 626-628-3019
E-MAIL ADDRESS *(Optional):* robliskey@liskeylawfirm.com
ATTORNEY FOR *(Name):* Plaintiff

Electronically Received 12/01/2023 09:33 AM

**FOR COURT USE ONLY**

**FILED**
Superior Court of California
County of Los Angeles

**02/21/2024**

David W. Slayton, Executive Officer / Clerk of Court
By: _____ R. Duarte _____ Deputy

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 111 N. Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles CA 90012
BRANCH NAME: Stanley Mosk

PLAINTIFF: Parnov Davtian, DDS
DEFENDANT: Ohannes Antablan, et al.

| JUDGMENT | CASE NUMBER: |
|---|---|
| ☐ By Clerk    ☑ By Default    ☐ After Court Trial | 23STCV05585 |
| ☒ By Court    ☐ On Stipulation    ☐ Defendant Did Not Appear at Trial | |

**JUDGMENT**

1. ☒ **BY DEFAULT**
   a. Defendant was properly served with a copy of the summons and complaint.
   b. Defendant failed to answer the complaint or appear and defend the action within the time allowed by law.
   c. Defendant's default was entered by the clerk upon plaintiff's application.
   d. ☐ Clerk's Judgment (Code Civ. Proc., § 585(a)). Defendant was sued only on a contract or judgment of a court of this state for the recovery of money.
   e. ☒ Court Judgment (Code Civ. Proc., § 585(b)). The court considered
      (1) ☐ plaintiff's testimony and other evidence.
      (2) ☒ plaintiff's written declaration (Code Civ. Proc., § 585(d)).

2. ☐ **ON STIPULATION**
   a. Plaintiff and defendant agreed (stipulated) that a judgment be entered in this case. The court approved the stipulated judgment and
   b. ☐ the signed written stipulation was filed in the case.
   c. ☐ the stipulation was stated in open court    ☐ the stipulation was stated on the record.

3. ☐ **AFTER COURT TRIAL.** The jury was waived. The court considered the evidence.
   a. The case was tried on *(date and time):*
      before *(name of judicial officer):*
   b. Appearances by:
      ☐ Plaintiff *(name each):*          ☐ Plaintiff's attorney *(name each):*
      (1)                                (1)
      (2)                                (2)
      ☐ Continued on Attachment 3b.
      ☐ Defendant *(name each):*          ☐ Defendant's attorney *(name each):*
      (1)                                (1)
      (2)                                (2)
      ☐ Continued on Attachment 3b.
   c. ☐ Defendant did not appear at trial. Defendant was properly served with notice of trial.
   d. ☐ A statement of decision (Code Civ. Proc., § 632)    ☐ was not    ☐ was    requested.

Page 1 of 2

Form Approved for Optional Use
Judicial Council of California
JUD-100 [New January 1, 2002]

**JUDGMENT**

Code of Civil Procedure, §§ 585, 664.6

**JUD-100**

| PLAINTIFF: Daytian | CASE NUMBER |
| DEFENDANT: Antabian et al. | 23 STCV05585 |

JUDGMENT IS ENTERED AS FOLLOWS BY. ☐ THE COURT ☐ THE CLERK

4. ☐ **Stipulated Judgment.** Judgment is entered according to the stipulation of the parties.

5. **Parties.** Judgment is

  a. ☒ for plaintiff (name each):
    Pargev Davtian, DDS

    and against defendant (names):
    Ohannes Antabian

    ☒ Continued on Attachment 5a.

  b. ☐ for defendant (name each):

  c. ☐ for cross-complainant (name each):

    and against cross-defendant (name each):

    ☐ Continued on Attachment 5c.

  d. ☐ for cross-defendant (name each):

6. **Amount.**

  a. ☒ Defendant named in item 5a above must pay plaintiff on the complaint:

| | | |
|---|---|---|
| (1) ☒ Damages | $ | 250,000.00 |
| (2) ☒ Prejudgment interest at the annual rate of 10 % | $ | 53,559.18 |
| (3) ☐ Attorney fees | $ | |
| (4) ☒ Costs | $ | 454.22 |
| (5) ☐ Other (specify): | $ | |
| (6) TOTAL | $ | 304,013.40 |

  b. ☐ Plaintiff to receive nothing from defendant named in item 5b.
    ☐ Defendant named in item 5b to recover costs $
    ☐ and attorney fees $

  c. ☐ Cross-defendant named in item 5c above must pay cross-complainant on the cross-complaint:

| | |
|---|---|
| (1) ☐ Damages | $ |
| (2) ☐ Prejudgment interest at the annual rate of % | $ |
| (3) ☐ Attorney fees | $ |
| (4) ☐ Costs | $ |
| (5) ☐ Other (specify): | $ |
| (6) TOTAL | $ |

  d. ☐ Cross-complainant to receive nothing from cross-defendant named in item 5d.
    ☐ Cross-defendant named in item 5d to recover costs $
    ☐ and attorney fees $

7. ☒ Other (specify):

  Judgment is joint and several.
  Credit on one applies to all.

Date: 02/21/2024

☒ _Stephanie M. Bowick_
JUDICIAL OFFICER
Stephanie M. Bowick / Judge

Date: ☐ Clerk, by _____ , Deputy

(SEAL)

**CLERK'S CERTIFICATE** (Optional)
I certify that this is a true copy of the original judgment on file in the court.

Date:

Clerk, by _____ , Deputy

JUD-100 [New January 1, 2002]  **JUDGMENT**  Page 2 of 2

For your protection and privacy, please press the Clear This Form button after you have printed the form. [Print this form] [Save this form] [Clear this form]

MC-025

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Davtian v. Antabian et al. | 23STCV05585 |

**ATTACHMENT** *(Number):* 5a

*(This Attachment may be used with any Judicial Council form.)*

Beach Business Management, Inc., dba Party House Liquor

*(If the item that this Attachment concerns is made under penalty of perjury, all statements in this Attachment are made under penalty of perjury.)*

Page **3** of **3**

*(Add pages as required)*

Form Approved for Optional Use
Judicial Council of California
MC-025 [Rev. July 1, 2009]

**ATTACHMENT**
**to Judicial Council Form**

www.courtinfo.ca.gov

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
### Civil Division
### Central District, Stanley Mosk Courthouse, Department 19

**23STCV05585**                                            February 21, 2024
**PARGEV DAVTIAN, DDS vs OHANNES ANTABIAN, et al.**                8:30 AM

Judge: Honorable Stephanie M. Bowick        CSR: None
Judicial Assistant: Richard Duarte          ERM: None
Courtroom Assistant: Diana Deleon           Deputy Sheriff: None

APPEARANCES:

For Plaintiff(s): No Appearances

For Defendant(s): No Appearances

**NATURE OF PROCEEDINGS:** Order to Show Cause Re: Re: Entry of Default Judgment

The matter is not called for hearing.

The Court rules as follows:

RULING

Plaintiff Pargev Davtian, DDS's Request for Entry of Default Judgment against Defendants
Ohannes Antabian and Beach Business Management, Inc. dba Party House Liquor is GRANTED
in the amount of $304,013.40, jointly and severally. However, before judgment can be entered,
Plaintiff must file a request for dismissal of the DOE Defendants.

Court's calculations: $250,000 (damages) + $53,559.18 (interest) + $454.22 (costs) =
$304,013.40.
The Court enters the proposed judgment filed December 1, 2023, with a revised damages figure
of $250,000.00, a revised prejudgment interest figure of $53,559.18, and a revised total of
$304,013.40. The Court adds that the judgment is joint and several.

Notice waived as to Defendants, who are in default.

STATEMENT OF THE CASE

This action arises out of alleged fraud. Plaintiff Pargev Davtian, DDS ("Plaintiff") brings suit
against Defendants Ohannes Antabian and Beach Business Management, Inc. dba Party House
Liquor ("Beach Business") (collectively, "Defendants") alleging the following causes of action:
1. Violation Of Corporate Securities Law Of 1968;
2. Rescission Under Corp. Code § 25501;
3. Intentional Misrepresentation Of Fact;

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
**Civil Division**
Central District, Stanley Mosk Courthouse, Department 19

**23STCV05585**                                                              February 21, 2024
**PARGEV DAVTIAN, DDS vs OHANNES ANTABIAN, et al.**                           8:30 AM

| | |
|---|---|
| Judge: Honorable Stephanie M. Bowick | CSR: None |
| Judicial Assistant: Richard Duarte | ERM: None |
| Courtroom Assistant: Diana Deleon | Deputy Sheriff: None |

4. Negligent Misrepresentation Of Fact;
5. Breach Of Contract; and
6. Breach Of Fiduciary Duty.

The Complaint alleges that Defendants, by way of misrepresentations made by Defendant Antabian, fraudulently induced Plaintiff to invest $250,000.00 to fund the operation of a retail liquor and grocery store.

On November 2, 2023, Defendant Antabian's default was entered.

On November 13, 2023, Defendant Beach Business's default was entered.

Principal Requested: $265,000.00

Interest: $81,533.15

Costs: $454.22

Attorneys' Fees: N/A

Total: $346,987.37

DISCUSSION

In rendering a default judgment, "[i]t is the duty of the court to act as gatekeeper, ensuring that only the appropriate claims get through." (Heidary v. Yadollahi (2002) 99 Cal.App.4th 857, 868.) "The correct standard of proof requires that the plaintiff merely establish a prima facie case." (Johnson v. Stanhiser (1999) 72 Cal.App.4th 357, 361.) "'Generally speaking, the party who makes default thereby confesses the material allegations of the complaint. It is also true that where a cause of action is stated in the complaint and evidence is introduced to establish a prima facie case the trial court may not disregard the same, but must hear the evidence offered by the plaintiff and must render judgment in his favor for such sum, not exceeding the amount stated in the complaint, or for such relief, not exceeding that demanded in the complaint, as appears from the evidence to be just.'" (Id. at 361-362 (quoting Taliaferro v. Davis (1963) 216 Cal.App.2d 398, 408-409) (internal citations omitted); see Kim v. Westmoore Partners, Inc. (2011) 201 Cal.App.4th 267, 281.)

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## Civil Division
### Central District, Stanley Mosk Courthouse, Department 19

**23STCV05585**                                          February 21, 2024
**PARGEV DAVTIAN, DDS vs OHANNES ANTABIAN, et al.**                 8:30 AM

Judge: Honorable Stephanie M. Bowick          CSR: None
Judicial Assistant: Richard Duarte            ERM: None
Courtroom Assistant: Diana Deleon             Deputy Sheriff: None

Furthermore, "[a]s a general rule, a default judgment is . . . limited to the damages of which the defendants had notice." (Schwab v. Rondel Homes, Inc. (1991) 53 Cal.3d 428, 433.) "The relief granted to the plaintiff, if there is no answer, cannot exceed that demanded in the complaint, in the statement required by Section 425.11, or in the statement provided for by Section 425.115." (Code Civ. Proc., § 580.)

The Court finds that Plaintiff has satisfied the requirements of California Rules of Court, rule 3.1800. The Court considers as evidence Plaintiff's declaration.

## DAMAGES

The Court finds that Plaintiff alleges a viable claim for breach of the investment agreement, (see Compl. at ¶¶ 11, 38-41, Ex. 1), and sufficiently alleges a claim for intentional fraud. Although Plaintiff requests $265,000.00 as the demand on the complaint, the Complaint only permits Plaintiff to obtain a judgment for $250,000.00 in damages because this is the amount that Plaintiff alleges in the Complaint he agreed to invest with Defendants. (See Code Civ. Proc., § 580(a) ["The relief granted to the plaintiff, if there is no answer, cannot exceed that demanded in the complaint, in the statement required by Section 425.11, or in the statement provided for by Section 425.115; but in any other case, the court may grant the plaintiff any relief consistent with the case made by the complaint and embraced within the issue."]; Greenup v. Rodman (1986) 42 Cal.3d 822, 824 ["in all default judgments the demand sets a ceiling on recovery."]; David S. Karton, A Law Corp. v. Dougherty (2009) 171 Cal.App.4th 133, 150 (quoting Yeung v. Soos (2004) 119 Cal.App.4th 576, 582) ["Because that ceiling is jurisdictional, 'a default judgment is void when the damages are in excess of the damages specified in the complaint or the statement of damages.'"].)

in the Complaint, Plaintiff seeks to recover the $250,000.00 he alleges that he invested. Although the Complaint alleges that Plaintiff "has been damaged in excess of the sum of $250,000.00," the default judgment Plaintiff may obtain is limited by the specific amount demanded. (See Becker v. S.P.V. Const. Co., Inc. (1980) 27 Cal.3d 489, 494-495 ["damages in excess of $20,000" will not support a default judgment for more than $20,000.00 and judgment void as to amount exceeding $20,000.00]; Airs Aromatics, LLC v. CBL Data Recovery Technologies, Inc. (2018) 23 Cal.App.5th 1013, 1022-1024 [a default judgment entered exceeding the amount specifically demanded in the complain if void as beyond the court's jurisdiction].)

Thus, Plaintiff may only obtain a judgment for damages not exceeding $250,000.00 since Plaintiff did not allege a claim for the "additional" $15,000.00 invested; Plaintiff cannot obtain a judgment including the additional $15,000.00.

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
### Civil Division
#### Central District, Stanley Mosk Courthouse, Department 19

**23STCV05585**                                                February 21, 2024
**PARGEV DAVTIAN, DDS vs OHANNES ANTABIAN, et al.**            8:30 AM

| | |
|---|---|
| Judge: Honorable Stephanie M. Bowick | CSR: None |
| Judicial Assistant: Richard Duarte | ERM: None |
| Courtroom Assistant: Diana Deleon | Deputy Sheriff: None |

The Court finds that Plaintiff adequately proves up $250,000.00 in damages. (Id. at ¶¶ 5-6, 12-15.)

INTEREST

The Court finds that Plaintiff is entitled to prejudgment interest on the $250,000.00 damages at a rate of ten percent (10%) per annum, or $68.49 per diem, beginning January 1, 2022 through the date of entry of judgment. (See Davtian Decl. at ¶ 15.)

Accordingly, the Court awards Plaintiff $53,559.18 in prejudgment interest.

COSTS

The Court finds that Plaintiff is entitled to recover the costs set forth in the memorandum of costs and awards Plaintiff $454.22 in costs.

Based on all the foregoing, the Court GRANTS Plaintiff's request for entry of default judgment against Defendants, jointly and severally, in the amount of $304,013.40.

Default judgment by Court entered for Plaintiff Pargev Davtian DDS against Defendant Ohannes Antabian and Defendant Beach Business Management, Inc. DBA Party House Liquor on the Complaint filed by Pargev Davtian, DDS on 03/14/2023 for damages of $250,000.00, interest of $53,559.18, and costs of $454.22 for a total of $304,013.40.

Certificate of Mailing is attached.

1

2

# PROOF OF SERVICE

3    I am an attorney with The Liskey Law Firm in the County of Los Angeles, California. I am

4    over the age of 18 and not a party to the within action. My business address is 117 E.
Colorado Blvd., Suite 600, Pasadena, CA 91105. On March 7, 2025 I caused to be served the

5    within COMPLAINT FOR DAMAGES AND OBJECTING TO DISCHARGEABILITY OF
A DEBT PURSUANT TO 11 U.S.C. § 523(a)(2) as follows:

6

7    By Mail ( x ) I caused an envelope, with postage prepaid to be placed in the United States
mail at Pasadena, California. I am readily familiar with the business practices of the firm

8    regarding the collection and processing of correspondence for mailing with the United States
Postal Service. Pursuant to such business practices, and in the ordinary course of business,

9    all correspondence is deposited with the United States Postal Service on the same day it is

10   placed for collection and mailing.  The envelope was mailed to:

11   Ohannes Antabian
318 Avenue I, Unit 355

12   Redondo Beach, CA 90277

13

14   I declare under penalty of perjury that the foregoing is true and correct.

15   Executed at Pasadena, CA on 3/7/25.

16   _____/s/_____

17
Robert J. Liskey

18

19

20

21

22

23

24

25

26

27

28